UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JESSIE JAMES MIXON,

    Petitioner,

v().                                                                     Case No. 8:03-cv-1248-T-23TGW

JAMES V. CROSBY, JR.,

    Respondent.
_____/

**O R D E R**

Mixon petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and challenges the validity of his conviction for, *inter alia*, several robberies, for which offenses he was sentenced pursuant to a plea agreement to sixty years. The respondent filed his response (Doc. 5), which is supported by numerous exhibits ("Respondent's Exhibit"). The respondent admits that three of the grounds raised in the petition are fully exhausted, Response at 8 (Doc. 5), but argues that one ground is procedurally barred from review. Having considered the arguments of the parties and reviewed the record, this court concludes that the petition is without merit.

Exhaustion and Procedural Default

The respondent correctly argues that Mixon failed to present to the state courts the federal claim asserted in Ground Three. To meet the exhaustion requirement, Mixon must have presented his claims to the state courts before raising them in federal court, and the claims presented to the federal court must be the same claims that were presented to the state courts. *Picard v. Connor*, 404 U.S. 270, 275 (1971) ("[W]e have

required a state prisoner to present the state courts with the same claim he urges upon the federal courts."); *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982) ("A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error."). Mere similarity of claims is insufficient. Briefing an issue as a matter of state law is not sufficient to exhaust a federal claim on the same grounds.

> If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

*Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). *Accord. Anderson v. Harless*, 459 U.S. 4, 6 (1982) ("It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made.").

In Ground Three, Mixon alleges that the trial court erred in accepting his plea based solely on trial counsel's stipulation to a factual basis. Mixon did not raise this claim of trial court error in his Rule 3.850 motion for post-conviction relief (Respondent's Exhibit 4). Although Mixon raised in that state proceeding the similar claim of ineffective assistance of counsel regarding the factual basis, he does not challenge counsel's alleged deficiency regarding the stipulation in this federal proceeding.

Consequently, Mixon's Ground Three is unexhausted and procedurally barred from federal review because it is too late to present that claim in state court. The failure to properly exhaust state court remedies when remedies were available results in a procedural default of the unexhausted claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 847

(1999) ("Boerckel's failure to present three of his federal habeas claims to the Illinois Supreme Court in a timely fashion has resulted in a procedural default of those claims."), and *Kennedy v. Herring*, 54 F.3d 678, 684 (1995) ("If a claim was never presented to the state courts, the federal court considering the petition may determine whether the petitioner has defaulted under state procedural rules."), *appeal after remand*, *Kennedy v. Hopper*, 156 F.3d 1143 (11th Cir.), *cert. denied sub nom Kennedy v. Haley*, 526 U.S. 1075 (1999). Accordingly, Ground Three must be dismissed.

## STANDARD OF REVIEW

Because this action commenced after April 24, 1996, 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), governs these proceedings. *Wilcox v. Florida Dep't of Corrections*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000).

Section 2254(d) creates a highly deferential standard for federal court review of state court adjudications. In pertinent part, § 2254(d) states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court.  Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied--the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States."  Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Moreover, "[t]he focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 694 (2002). *Accord Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness *per se*, of the state court decision that we are to decide.").

Mixon did not pursue a direct appeal, but he did challenge his convictions and sentences in a state Rule 3.850 motion for post-conviction relief (Respondent's Exhibit 4).  The requested relief was denied (Respondent's Exhibit 5), and the denial was affirmed on appeal in a *per curiam* decision (Respondent's Exhibit 6).  The state appellate court's *per curiam* affirmance is still entitled to deference under § 2254(d)(1), because "the summary nature of a state court's decision does not lessen the deference that it is due." *Wright v. Moore*, 278 F.3d 1245, 1254 (11th Cir.), *reh'g and reh'g en banc*

*denied*, 278 F.3d 1245 (2002), *cert. denied sub nom Wright v.* Crosby, 538 U.S. 906 (2003).

Mixon has the burden of overcoming all state court factual determinations by clear and convincing evidence.  "[A] determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).  This presumption of correctness applies only to findings of fact, not mixed determinations of law and fact.  *Parker v. Head,* 244 F.3d 831, 836 (11th Cir.), *cert. denied*, 534 U.S. 1046 (2001).  Consequently, this court must defer to the findings of fact found by the state court when it rejected Mixon's post-conviction claims of ineffective assistance of counsel.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Mixon alleges ineffective assistance of counsel, a difficult allegation to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) *(quoting Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)). *Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim.

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to *Strickland*, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's

> errors were so serious as to deprive the defendant of a fair trial, a trial
> whose result is reliable. *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052.

*Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998).

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland*, 466 U.S. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland,* 466 U.S. at 690.

If counsel erred in representing Mixon, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland,* 466 U.S. at 691. Mixon must demonstrate that the error prejudiced the defense to compel a finding of ineffective assistance of counsel. *Strickland*, 466 U.S. at 692. Mixon meets this burden by showing that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability

is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694.

*Strickland* cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland,* 466 U.S. at 690-91. Mixon cannot meet this burden by simply showing that, in hindsight, the avenue chosen by counsel proves ineffective.

> The test has nothing to do with what the best lawyers would have done.
> Nor is the test even what most good lawyers would have done. We ask
> only whether some reasonable lawyer at the trial could have acted, in the
> circumstances, as defense counsel acted at trial. . . . We are not
> interested in grading lawyers' performances; we are interested in whether
> the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir.1992). *Accord. Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir.2000) ("To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. . . . [T]he issue is not what is possible or "what is prudent or appropriate, but only what is constitutionally compelled.") (*en banc*) (quoting *Burger v. Kemp*, 483 U.S. 776, 794, 107 S. Ct. 3114, 3126, 97 L.Ed.2d 638 (1987)). *See also Jones v. Barnes*, 463 U.S. 745, 751 (1983) (counsel has no duty to raise frivolous claims).

As stated above, Mixon must prove that the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State

court proceeding." 28 U.S.C. § 2254(d).  Consequently, the state court's determination of each of Mixon's claims largely governs this court's review of those same claims.

Ground One:

Mixon alleges that his right to be free from double jeopardy was violated when trial counsel allowed him to plead to the same charges alleged in two separate informations.  The state court rejected this claim, finding that the first information was administratively closed and the criminal offense re-charged in the second information.

> Defendant contends that counsel rendered ineffective assistance by permitting Defendant to enter guilty plea to the same crime charged in two separate cases, CRC01-04166CFANO and CRC01-05419CFANO.
>
> Defendant was charged and pled guilty to two separate and distinct crimes in said cases.  In CRC01-04166-CFANO, Defendant was charged with the December 16, 2000, attempted robbery of BP Service Quick Stop and/or Neil Yildirim, the store's clerk who thwarted the robbery by wrestling a fire poker from Defendant.  The robbery originally charged in CRC01-05419CFANO was administrative [sic] closed under this case number.  Although, said document states that the charge was re-filed under CRC01-05420CFANO, instead it would appear that it was filed under CRC01-04166CFANO.  It is noted that, in CRC01-05420CFANO, Defendant was charged with the December 27, 2000, robbery (first-degree felony and violation of § 812.13(2)(b), Fla. Stat. (2000)) of the Dodge Store and/or Richard Joseph Adams, the store's employee and the November 5, 2000, robbery (second-degree felony and violation of § 812.13(2)(c), Fla. Stat. (2000)) of Farm Store and/or Donna L. Pfister, the store's clerk.  As Defendant's claim is conclusively refuted from the record, this claim is denied.

Respondent's Exhibit 5 at 2-3 (references to record omitted).  The record supports the state court's finding of clerical error.  The notice of administrative closure of 01-05419 (Respondent's Exhibit 3) erroneously references 01-5420 when the attempted robbery of the BP Service Quick Stop charged in 01-5419 was repeated in 01-04166.  *See* Arrest Affidavit, Exhibit D, attached to order denying Rule 3.850 motion for post-conviction relief

at Respondent's Exhibit 5. Mixon was not twice placed in jeopardy for the same offense because the offense charged in 01-04166 is separate and distinct from the offenses charged in 01-05420. Consequently, Mixon cannot prove ineffective assistance of counsel because has not shown that he suffered any prejudice due to the clerical error.

Ground Two:

Mixon alleges that trial counsel was ineffective for allowing him to pled guilty to armed robbery when instead he was charged with armed burglary. The state court rejected this claim, finding that the reference to armed robbery in the judgment was clerical error.

> Defendant contends that counsel rendered ineffective assistance because although Defendant was charged in CRC01-05683CFANO with armed burglary, the judgment and sentence reflects a robbery charge.
>
> The Judgment and Sentence reflects a clerical error. Said document incorrectly describes the crime for which Defendant pled guilty in CRC01-05683CFANO as robbery, instead of burglary, while said document correctly lists the offense statute for burglary. Further, the plea form, which was read verbatim to Defendant by counsel, indicates that in CRC01-05683CFANO, Defendant entered a guilty plea to second-degree burglary pursuant to a negotiated plea agreement. It notes "01-05683( reduced to 2°)." As counsel cannot be deemed deficient since counsel does not prepare said document and Defendant did not suffer prejudice due to the aforementioned mistake, this claim is denied.

Respondent's Exhibit 5 at 3. The record supports the state court's finding of clerical error. Moreover, on the same date the state court made the above findings of clerical error, the court also amended the Judgment to correctly indicate that Mixon was guilty of second degree burglary and not robbery. Respondent's Exhibit 9. Consequently, Mixon cannot prove ineffective assistance of counsel because has not shown that he suffered any prejudice due to the clerical error.

Ground Four:

Mixon alleges that his pleas were not voluntarily and intelligently entered because of the two errors identified in Grounds One and Two. The state court rejected this claim, finding that because the claims asserted in Grounds One and Two were meritless, the claim in Ground Four was necessarily meritless also.

> Defendant contends that based on the instances of ineffective assistance of counsel in Claims One and Two that his guilty pleas were involuntarily entered since he [was] convicted for the same crime in both CRC01-04166CFANO and CRC01-05419CFANO and pled guilty to robbery in CRC01-05683 when he was charged with burglary. As the basis for Claims One and Two were conclusively refuted from the record, this claim is denied.

Respondent's Exhibit 5 at 4. The state court's findings are not an unreasonable determination of the facts. Consequently, Mixon cannot meet his burden of proof.

Accordingly, the petition for the writ of habeas corpus (Doc. 1) is **DENIED**. The clerk shall **ENTER A JUDGMENT** against Mixon and **CLOSE** this action.

ORDERED in Tampa, Florida, on July 7, 2005.

SA/ro

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE